IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN CONLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-07 |
| ) | Chief Judge Donetta W. |
| JEFFREY BEARD, Secretary of ) | Ambrose/ Magistrate Judge |
| Corrections, ) | Francis X. Caiazza |
| ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Shawn Conley be dismissed because it is time barred.

**II.   REPORT**

**A.   Procedural History.**

Shawn Conley ("Conley" or "the Petitioner"), a state prisoner, has filed a Petition for Writ of Habeas Corpus seeking relief from consecutive sentences imposed by the Allegheny County Court of Common Pleas. Following his conviction, Conley, through counsel, filed an appeal to the Pennsylvania Superior Court. The sole issue he raised was whether the trial court committed an abuse of discretion by sentencing him to the maximum period of incarceration allowed for each offense.

B. **DISCUSSION**

1. The Statute of Limitations

Pursuant to the Antiterriorism and Effective Death Penalty Act ("AEDPA"), a federal habeas petition must be filed one year after a conviction becomes final.[1] 28 U.S.C. § 2244(d)(1). Because no Petition for Allowance of Appeal was filed in the Pennsylvania Supreme Court and because the Pennsylvania Superior court opinion was filed on January 26, 1998, Conley's state conviction became final on February 25, 1998 - thirty days after the Superior Court denied relief.[2] Doc. 7, Ex. 25. That said, Conley had one year, or 365 days, measuring from February 25, 1998, during which to file his federal habeas petition.

A properly filed state court collateral relief proceeding tolls AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2). Here, Conley filed a petition under the Pennsylvania Post Conviction Relief Act[3] ("PCRA") on February 16, 1999 - nearly one year later. Doc. 7, Ex. 26. At that time 355 days were already carved out of the 365 day limitation period. The PCRA

---

[1] Pub. L. No. 104-132 Stat. 1214 (1996). Parenthetically, AEDPA is applicable here because Conley's habeas petition was filed after its effective date. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

[2] Booker v. Folino, No. Civ.A. 04-2906, 2005 WL 638051, *2 (E.D. Pa. March 17, 2005)("Since Petitioner did not file [a petition for allowance of appeal] with the Pennsylvania Supreme Court, his conviction became final ... thirty (30) days after the Superior Court affirmed the judgment and sentencing.").

[3] 42 Pa. Cons. Stat. § 9541, et seq.

2

petition remained pending until September 29, 2005, when the Pennsylvania Supreme Court denied Conley's Petition for Allowance of Appeal with respect to his PCRA proceedings. Doc. 7, Ex. 43. 46. Conley's statute of limitations began to run the following day, on September 30, 2005, and expired on October 10, 2005 - ten days later. See Stokes v. District Attorney of Philadelphia County, 247 F.3d 539, 542 (3d Cir. 2001)(ninety day period in which to file a petition for certiorari after discretionary review by the State Supreme Court in post conviction proceedings does not toll AEDPA's statute of limitations). Conley filed his federal habeas petition on December 15, 2005, the date he signed his habeas petition.[4] His limitation period, however, had expired on October 10, 2005. Accordingly, his petition is time barred.

2. Equitable Tolling

The doctrine of equitable tolling is applicable to AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). Put succinctly, equitable tolling applies when a petitioner has "'in some

---

[4] The "prisoner mail box rule" provides that the day a pro se prisoner gave his petition to prison authorities to mail establishes the filing date; if that date cannot be ascertained, the date a prisoner signed the petition will set the filing date. Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998)(mail box rule); Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000) (date of signing rule).

extraordinary way . . . been prevented from asserting his or her rights'". Miller, 145 F.3d at 618 (quoting Oshiver v. Levin, et al, 38 F.3d 1380 (3d Cir. 1994)).

The first reason Conley offers for his delay is that he did not receive his trial transcripts and could not perfect a petition for allowance of appeal with the Pennsylvania Supreme Court. The excuse he offers, however, did not impede his ability to file a timely federal habeas petition. Conley also argues that he is entitled to equitable tolling based on the alleged ineffectiveness of his counsel. This claim, likewise, lacks merit. The ineffectiveness of counsel does not toll AEDPA's statute of limitations. See, e.g., U.S. ex rel. Mendez v. Pierson, 159 F.Supp.2d 1091, (N.D. Ill. 2001)(an alleged ineffective assistance of habeas counsel claim is not a viable basis for tolling a limitations period with respect to a federal habeas petition); Martinez v. Cockrell, 2002 WL 441402, *3 (N.D. Tex. March 19, 2002)("Nor does the alleged ineffective assistance of [state] habeas counsel present a viable basis for tolling the one-year limitation period.").

## C. Certificate of Appealability

A certificate of appealability should not issue because Conley has failed to show that jurists of reason would find the court's procedural rulings debatable. See, e.g., Slack v.

4

McDaniel, 529 U.S. 473 (2000) and Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                               /s/ Francis X. Caiazza  
                                               Francis X. Caiazza  
                                               United States Magistrate Judge

Dated: October 16, 2006

cc:   The Honorable Donetta Ambrose  
      Chief United States District Judge

      Shawn Conley  
      CW-6224  
      SCI Dallas  
      1000 Follies Road  
      Dallas, PA 18612

      Ronald M. Wabby, Jr.  
      Office of the District Attorney  
      Appeals/Post Conviction  
      401 Allegheny County Courthouse  
      Pittsburgh, PA 15219